# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **DONALD L. VANDYK,** | Case No: **1:17-cv-785** |
| **Plaintiff,** | |
| v. | Judge:_____ |
| **CENTRAL USA WIRELESS, LLC** | |
| | Magistrate Judge:_____ |
| and | |
| **CHRIS HILDEBRANT** | <u>**JURY DEMAND ENDORSED HEREIN**</u> |
| **Defendants.** | |

## COMPLAINT

**I.   Preliminary Statement**

1.     Plaintiff Donald VanDyk ("Plaintiff") brings this action against Defendants Central USA Wireless, LLC and Chris Hildebrant (collectively, "Defendants"). Plaintiff seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff with time-and-one-half overtime wages for hours worked in excess of 40 hours per week in accordance with the Fair Labor Standards Act ("FLSA").

2.     Defendant Chris Hildebrant is the founder, president, and CEO of Central USA Wireless, LLC, a wholly owned subsidiary of Morelia Group, LLC ("Morelia").

3.     Plaintiff was employed by Defendant to lay fiber lines in Texas from September 2015 until May 2017 pursuant to a contractual arrangement with AT&T.

## II. Jurisdiction and Venue

4. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's Ohio law claim pursuant to 28 U.S.C. § 1367(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendants reside within this district.

## III. Parties

### PLAINTIFF

7. Plaintiff Donald VanDyk is an individual residing in the state of Michigan.

8. At all times relevant herein, Plaintiff VanDyk was an "employee" of Defendants as that term is defined by the FLSA.

9. Plaintiff has given consent to bring this action to collect unpaid wages.

### CENTRAL USA WIRELESS, LLC

10. Defendant Central USA Wireless, LLC ("Central USA") is a domestic limited liability company organized under the laws of the state of Ohio.

11. Central USA is an "employer" as that term is defined by the FLSA.

12. Defendant employed Plaintiff from September 2015 until May 2017.

13. Central USA was founded by Defendant Chris Hildebrant, who acts in the capacity of President and CEO of Morelia.

14. Plaintiff's paystubs reflect that Central USA is the corporate entity that provides compensation to Plaintiff for work performed on behalf of the Defendants.

15. At all relevant times herein, Central USA has maintained control,

oversight, and direction over Plaintiff, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other practices.

16. At all relevant times, Central USA has been and continues to be an enterprise engaged in "the production of goods for commerce" within the meaning of that phrase as defined by the FLSA.

17. Central USA's gross revenue exceeds $500,000 per year.

### CHRIS HILDEBRANT

18. Chris Hildebrant ("Hildebrant") is the President and CEO of Central USA, a wholly owned subsidiary of Morelia.

19. Hildebrant resides in Cincinnati, Ohio.

20. At all relevant times herein, Hildebrant has acted as an "employer" as that term is defined by the FLSA.

21. At all relevant times herein, Hildebrant has been actively involved in managing Central USA's operations.

22. At all relevant times herein, Hildebrant has maintained control over Defendants' pay policies and the unlawful policies and practices alleged herein.

23. At all relevant times herein, Hildebrant has had power over Central USA's personnel and payroll decisions.

24. At all relevant times herein, Hildebrant has had the power to cease any illegal pay practices negatively impacting Plaintiff.

25. At all times relevant herein, Hildebrant has had the power to transfer the assets and liabilities of Central USA.

26. At all relevant times herein, Hildebrant has had the power to declare bankruptcy on behalf of Central USA.

27. At all relevant times herein, Hildebrant has had the power to enter into contracts on behalf of Central USA.

28. At all relevant times herein, Hildebrant has had the power to close, shut down, and/or sell Central USA.

## IV. Statement of Facts

29. Plaintiff was employed by Defendants as a bore-rig operator and mechanic in Texas from on or about September 12, 2015 until on or about May 13, 2017.

30. Plaintiff's' job duties included drilling holes in the ground with a bore rig and/or running fiber lines through the holes dug by his co-workers.

31. Plaintiff completed his duties at the request and instruction of Central USA and AT&T. For example, he was required to drill holes and lay fiber lines according to the precise instructions outlined by Central USA and AT&T.

32. Plaintiff did not possess discretion or authority with respect to where, when, or how he drilled or laid fiber lines.

33. Plaintiff's primary duties did not involve management of Defendants' enterprise or a subdivision thereof.

34. Plainitff did not direct the work of two or more other full time employees.

35. Plaintiff did not have the authority to hire or fire other employees, nor were his recommendations with respect to hiring, firing, advancement, promotion, or other change in employment status of other employees given weight by Defendants.

5 | P a g e

36. Plaintiff's primary duty did not involve office or non-manual work directly related to management or general business operations of Defendants or Defendants' customers.

37. Plaintiff was not permitted to exercise discretion and independent judgment with respect to matters of significance relating to Defendants' operations.

38. Plaintiff regularly worked approximately 60 to 70 hours per week.

39. Plaintiff logged his hours on either a sign in sheet or a time clock throughout his employment with Defendants.

40. Despite regularly working six days per week, and approximately 60 to 70 hours per week, Plaintiff was not properly compensated at one and one-half times his base rate of pay until February 2017.

41. Plaintiff was compensated $1,200 per week, plus per diem for each day worked, until his compensation structure was modified to an hourly rate beginning in February 2017.

42. The paystubs Defendants' provided to Plaintiff reflected that his pay was based on a 40-hour workweek.

43. From September 2015 until May 2016, Plaintiff's paystubs reflected that he was compensated $30 per hour for 40 hours each week, and $100 per diem for each day worked.

44. From May 2016 through July 2016, Plaintiff's paystubs continued to reflect compensation based on a 40-hour workweek, but began reflecting a fluctuating pay rate ranging from $8.10 per hour to $12.80 per hour.  In addition, Plaintiff's normal $100 per diem (typically $600 per week) also began fluctuating to ensure that he continued

receiving the same pay as he had prior to May 2016 (prior to the aforementioned change in the hourly compensation structure).

45.     Beginning in August 2016, Defendants began to compensate Plaintiff at time and one-half for hours worked in excess of 40 during the established workweek, but instead of using Plaintiff's regular $30 base hourly rate to calculate the overtime rate, Defendants reduced Plaintiff's regular base rate to $14 per hour, and made up the difference through per diem pay.  While the configuration of Plaintiff's compensation structure changed, the byproduct did not, and Plaintiff continued to receive the same weekly pay as he had prior to May 2016.

46.     Beginning in February 2017, Plaintiff began receiving $25 per hour and one and one-half times this hourly rate for all hours worked in excess of 40 per workweek.

**V.     Claims for Relief**

**COUNT ONE**
**FAILURE TO PAY OVERTIME WAGES - FAIR LABOR STANDARDS ACT**
**(Against both named-Defendants)**

47.     Plaintiff incorporates the allegations contained in paragraphs 1 through 46 as if fully restated herein.

48.     Plaintiff worked more than forty hours in one or more workweeks during his employment with Defendants.

49.     Defendants did not pay Plaintiff one and one-half times his normal hourly rate for all time worked in excess of forty hours per workweek, but instead paid him a predetermined weekly rate irrespective how many hours he actually worked.

50.     By not paying Plaintiff his proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

51. As a result of Defendants' willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

## COUNT TWO
### FAILURE TO REMIT COMPENSATION BY REGULAR PAYDAY – O.R.C. § 4113.15
### (Against Central USA only)

52. Plaintiff incorporates the allegations contained in paragraphs 1 through 51 as if fully restated herein.

53. O.R.C. § 4113.15(A) requires that employers compensate their employees <u>all</u> wages, on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

54. Plaintiff's unpaid wages have remained unpaid for more than thirty (30) days beyond his regularly scheduled payday.

55. In violating Ohio law, Defendant Central USA has acted willfully, without a good faith and with reckless disregard for Ohio law.

56. As a result of Defendant Central USA's willful violation, Plaintiff is entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

**VII.** <u>**Prayer for Relief**</u>

**WHEREFORE**, Plaintiff Donald VanDyk prays for the following relief:

A. Unpaid overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and related regulations;

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

C. Liquidated damages under O.R.C. § 4113.15;

D. An award of prejudgment and post-judgment interest;

E. An award of costs and expenses of this action, together with reasonable attorney fees and expert fees; and

F. Such other legal and equitable relief as this Court deems appropriate.

<u>**JURY TRIAL DEMAND**</u>

Plaintiff demands a trial by jury on all questions of fact or combined questions of law and fact raised by this Complaint.

Respectfully submitted,

/s/ *Jason E. Dawicke*
Jason E. Dawicke (0073632)
**Dawicke Law, LLC**
PO Box 21354
Columbus, Ohio 43221
Telephone: 614.477.7301
E-mail: jdawicke@dawickelaw.com
Fax: 888.858.3063

*Counsel for Plaintiff Donald VanDyk*