## CONFIDENTIAL SETTLEMENT AGREEMENT

**THIS SETTLEMENT AND RELEASE AGREEMENT** dated February 13, 2019 (the "Agreement") is made and entered into by Central USA Wireless, LLC ("Central USA") and Christopher Hildebrant (collectively, the "Central Parties") on the one hand, and Donald VanDyk on the other. The Central Parties and Mr. VanDyk are collectively referred to herein as the "Parties." The effective date of this Agreement is February 13, 2019 (the "Effective Date").

## RECITALS

**WHEREAS,** Central USA is a company which conducted business within the State of Texas and State of Ohio; and

**WHEREAS,** Mr. Hildebrant was the owner and CEO of Central USA; and

**WHEREAS,** Mr. VanDyk was employed by Central USA; and

**WHEREAS,** a dispute arose between the Parties as to the amount and type of wages Central USA paid Mr. VanDyk in relation to his employment. In November 2017, Mr. VanDyk filed a lawsuit against Central USA and Mr. Hildebrant in the Southern District of Ohio, Western Division under Case No. 1:17-cv-785 (the "Lawsuit") alleging claims for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA") and failure to remit compensation by regular payday pursuant O.R.C. § 4113.15; and

**WHEREAS,** the Parties engaged in formal and informal discovery, exchanged information and documents, and conducted detailed legal and factual analyses of Plaintiff's claims and Defendants' defenses. On February 4, 2018, the Parties' settlement negotiations culminated in this Settlement Agreement.

**WHEREAS,** Plaintiff's counsel has conducted a thorough investigation of the claims that Plaintiff asserted in the Lawsuit and that relate to or could have arisen out of the same facts alleged in the Lawsuit, including both asserted and unasserted claims, and including but not limited to claims for unpaid wages, minimum wages, overtime, penalties, or any other wage or recordkeeping related damages or relief pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, or any state law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation. Based on his independent investigation and evaluation, Plaintiff's counsel believes that the settlement with Defendants for the consideration and terms set forth in this Settlement Agreement is fair, reasonable, and adequate, and is in the best interest of Plaintiff in light of all known facts and circumstances, including the risk of delay, defenses asserted by Defendants, and numerous potential appellate issues.

**WHEREAS,** Defendants expressly deny any liability or wrongdoing of any kind associated with the claims in this Lawsuit. Defendants contend they have complied with applicable federal and state laws at all times. By entering into the Settlement Agreement, Defendants do not admit any liability or wrongdoing and expressly deny the same.

**NOW THEREFORE**, for good and valuable consideration as outlined below, the adequacy of which is acknowledged, the Parties agree as follows:

1. **RECITALS INCORPORATED.** The above Recitals are true and correct and are incorporated herein.

2. **SETTLEMENT APPROVAL PROCEDURE.** As soon as practicable after execution of this Agreement, the Parties shall file a Joint Motion for Approval of the Settlement Agreement and submit a proposed Order thereon. The Settling Parties agree to undertake all things and procedures reasonably necessary and appropriate to obtain approval of the settlement memorialized in this Agreement. This Agreement is contingent upon the settlement terms memorialized herein, and is entered into voluntarily by the Settling Parties for settlement purposes only.

3. **SETTLEMENT ALLOCATION.** In consideration of the mutual covenants **and promises set forth herein, the Parties agree, subject to the Court's approval, that the Central Parties will pay a total of Ninety-Six Thousand Dollars and Zero Cents ($96,000). Remuneration will be made in a series of fourteen (14) payments ("the Payment Period") as follows:**

    A) <u>Payment #1</u>. Within ten (10) business days of both Mr. VanDyk and his legal counsel's (Dawicke Law, LLC) submissions of completed Form W-9's to the Central Parties' legal counsel, Mr. VanDyk's execution of this Agreement, and the Court's approval of the settlement, the Central Parties shall issue two (2) separate checks in the cumulative amount of Eight Thousand Dollars ($8,000.00). The payments shall be allocated and supplied as follows:

    (i) **$5,000.00 made payable to Donald VanDyk.** Payment shall be supplied directly to Mr. VanDyk at his residential address (477 Highland St., White Cloud, Michigan 49349). This payment represents statutory damages to Mr. VanDyk. The Central Parties shall issue an IRS Form 1099 to Mr. VanDyk in for this payment;

    (ii) **$3,000.00 made payable to Dawicke Law, LLC.** Payment shall be supplied to Dawicke Law, LLC at the firm's PO address (PO Box 21354, Columbus, Ohio 43221). This payment represents attorney's fees and costs. The Central Parties shall issue an IRS Form 1099 to BOTH Dawicke Law, LLC and Mr. VanDyk for this payment.

    B) <u>Payments #2-13</u>. On or before May 1, 2019, and for each of the following 11 months thereafter (extending until April 1, 2020), the Central Parties shall issue two (2) separate checks in the cumulative amount of Two Thousand Dollars ($2,000.00). The payments shall be made by the first of each calendar month and shall be allocated and supplied as follows:

2

**(i) $1,200.00 made payable to Donald VanDyk.** Payment shall be supplied directly to Mr. VanDyk at his residential address (477 Highland St., White Cloud, Michigan 49349). This payment represents statutory damages to Mr. VanDyk. The Central Parties shall issue an IRS Form 1099 to Mr. VanDyk for this payment;

**(ii) $800.00 made payable to Dawicke Law, LLC.** Payment shall be supplied to Dawicke Law, LLC at the firm's PO address (PO Box 21354, Columbus, Ohio 43221). This payment represents attorney's fees and costs. The Central Parties shall issue an IRS Form 1099 to BOTH Dawicke law, LLC and Mr. VanDyk for this payment.

C) **Payment #14**. On or before May 1, 2020, the Central Parties shall issue three (3) separate checks in the cumulative amount of Sixty-Four Thousand Dollars ($64,000.00). The payments shall be allocated and supplied as follows:

**(i) $28,541.50 (gross) payable to Donald VanDyk, less all applicable payroll withholdings.** Payment shall be supplied directly to Mr. VanDyk at his residential address (477 Highland St., White Cloud, Michigan 49349). <u>All withholdings shall be computed at Mr. VanDyk's normal withholding rate and shall not be withheld at an increased rate based on the size of the lump sum payment</u>. This payment shall be allocated as wages and the Central Parties shall report this payment on an IRS Form W-2;

**(ii) $9,141.50 made payable to Donald VanDyk.** Payment shall be supplied directly to Mr. VanDyk at his residential address (477 Highland St., White Cloud, Michigan 49349). This payment represents statutory damages to Mr. VanDyk. The Central Parties shall issue an IRS Form 1099 to Mr. VanDyk in for this payment;

**(iii) $26,317.00 made payable to Dawicke Law, LLC.** Payment shall be supplied to Dawicke Law, LLC at the firm's PO address (PO Box 21354, Columbus, Ohio 43221). This payment represents attorney's fees and costs. The Central Parties shall issue an IRS Form 1099 to BOTH Dawicke Law, LLC and Mr. VanDyk for this payment.

D) **Payment Credit.** Payments tendered by the Central Parties to Donald VanDyk during the Payment Period shall be credited at 100% value towards the $96,000 agreed settlement SO LONG AS the payments are tendered as set forth in (A)-(C) above. In the event that ANY payment during the Payment Period is:

(i) not postmarked by the dates set forth in (A)-(C);
(ii) not issued in the specified amount set forth in (A)-(C); or
(iii) not issued for any reason, the following partial forfeiture provision will take effect as described in (E) below.

3

**E) Payment Credit Partial Forfeiture (Liquidated Damages).** If any of the fourteen (14) payments are not tendered as outlined in (A)-(C) above, Mr. VanDyk will have the right to immediately pursue enforcement for the ENTIRETY of the remaining balance in any court of competent jurisdiction. Additionally, ALL payments tendered theretofore will automatically be credited at a reduced fifty percent (50%) value towards the $96,000 settlement payment. Mr. VanDyk will be entitled to immediately enforce and collect this forfeited sum in addition to the remaining balance.

**(i) Partial Forfeiture Example:** The Central Parties timely remit payments 1-13 as described in (A)–(B) above, but then fail to timely remit payment #14 ($64,000). This failure will entitle Mr. VanDyk to immediately enforce the remaining ($64,000) balance in any court of competent jurisdiction AND further entitle him to liquidated damages in the amount of 50% of all payments previously tendered. Thus, in this example, Mr. VanDyk would be entitled to an additional $16,000 in liquidated damages representing one-half of the $32,000 tendered to-date.

**4. MUTUAL RELEASE OF CLAIMS.** In consideration of this Agreement, including the Consent Judgement and/or payment made hereunder, the Central Parties on the one hand, and Mr. VanDyk on the other hand, for themselves, and on behalf of any and all persons acting by, through, under, or in concert with them, hereby releases and forever discharges one another and any and all of their past and present officers, members, directors, shareholders, supervisors, agents, assigns, successors, representatives, subsidiaries, affiliates, parents, and employees and all persons acting by, through, under, or in concert with any of them, from any and all claims, actions, rights, causes of action, demands, liabilities, losses and damages of every kind and nature, whether in contract or in tort, which arise from, are on account of, or in any way grow out of events, occurrences or transactions pre-dating the Effective Date of this Agreement, including but not limited to those relating to Mr. VanDyk's employment with and/or compensation from the Central Parties and the Lawsuit. The releases set forth do not release any of the Parties from their obligation under this Agreement. The release for all Parties shall take effect immediately upon the Central Parties tendering payment under any scenario set forth in Paragraph 2 herein.

**A) ADEA Claims.** PURSUANT TO THE AGE DISCRIMINATION IN EMPLOYMENT ACT (ADEA), 29 U.S.C. § 621 *ET SEQ.*, A WAIVER OF RIGHTS CANNOT APPLY TO AGE DISCRIMINATION CLAIMS ARISING AFTER THE DATE OF MR. VANDYK'S SIGNATURE. BY HIS SIGNATURE BELOW, DONALD VANDYK, ACKNOWLEDGES THAT:

**(i)** HE HAS READ THE FOREGOING AGREEMENT AND RELEASE AND FULLY UNDERSTANDS IT.

**(ii)** HE WAS GIVEN TWENTY-ONE DAYS (21) WITHIN WHICH TO CONSIDER THIS AGREEMENT.

**(iii)** HE HAS CONSULTED WITH LEGAL COUNSEL BEFORE SIGNING THIS AGREEMENT.

**(iv)** HE HAS THE RIGHT TO REVOKE THIS WAIVER OF AGE DISCRIMINATION CLAIMS FOR SEVEN (7) DAYS AFTER THE DATE ON WHICH IT IS SIGNED. HE FURTHER ACKNOWLEDGES THAT, IF HE FAILS TO EXERCISE THIS RIGHT BY SENDING A WRITTEN STATEMENT OF REVOCATION TO CENTRAL PARTIES' COUNSEL BY EMAIL OR REGISTERED MAIL, HIS WAIVER OF AGE DISCRIMINATION CLAIMS WILL BECOME A BINDING CONTRACT ON THE EIGHTH (8th) DAY AFTER HE SIGNS THIS AGREEMENT.

**(v)** HE VOLUNTARILY SIGNS THIS AGREEMENT AND RELEASE ON THE DATE IDENTIFIED BY HIS SIGNATURE BELOW.B) Mr. VanDyk understands that he is protected by the Age Discrimination in Employment Act ("ADEA") from discrimination in employment because of his age. By executing this Agreement, Mr. VanDyk is releasing any past or current Claims that he may have under the ADEA. Notwithstanding anything else in this Agreement, Mr. VanDyk is not releasing any Claims under the ADEA that may arise after execution of this Agreement.

**B) Older Workers Benefit Protection Act ("OWBPA").** Mr. VanDyk recognizes and understands that, by executing this Agreement, he shall be releasing the Central Parties from any claims that he now has, may have, or subsequently may have under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621, et seq., as amended, by reason of any matter or thing arising out of, or in any way connected with, directly or indirectly, any acts or omissions which have occurred prior to and including the Effective Date of this Agreement. In other words, Mr. VanDyk will have none of the legal rights against the aforementioned that he would otherwise have under the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§621, et seq., as amended, by his signing this Agreement.

**5. DISMISSAL OF COMPLAINT.** Within five (5) days of receipt of Payment #14 described in pursuant to Section 3(C) of this Agreement, Mr. VanDyk shall file an Agreed Motion to Dismiss with Prejudice and an Order of Dismissal with Prejudice with the Southern District of Ohio, Western Division under Case No. 1:17-cv-785.

**6. NON-DISPARAGEMENT.** Each Party hereby covenants and agrees that it/he shall not, directly or through any person(s) or entity(ies) who/which it has employed and/or engaged on its behalf, disparage or make any comment(s), statement(s), or representation(s) about the other Party or any of its owners, members, directors, officers, employees, representatives, attorneys, or insurers, that gives or is likely to give a negative or adverse impression of any such other Party, or any of its owners, members, directors, officers, employees, representatives, attorneys, insurers, or of any of its services, to any third-party person(s) and/or entity(ies), regardless of the form or meaning of that communication.

**7. COSTS AND FEES:** The parties shall bear their own attorney's fees and costs in this matter.

5

8. **COMPROMISE OF DISPUTED CLAIM.** This Agreement is intended to be in compromise and settlement of disputed claims. Nothing herein shall constitute or be asserted as constituting any admission of liability or wrongdoing by or against any party hereto.

9. **CONFIDENTIALITY.** The Parties, their agents, attorneys, and representatives, acknowledge, understand, and agree that (a) the terms and conditions of this Agreement, including the Consent Judgment and any amount of future payment, have been and are to remain confidential, provided that it shall not be a violation of this Agreement for any of the Parties to acknowledge that a settlement of the disputed claims between the Parties was reached, without further disclosing the terms of the settlement; (b) the facts and circumstances surrounding Mr. VanDyk's employment and compensation; and (c) the disclosures made during the course of the negotiation of this Agreement have been and are to remain confidential. The information enumerated in this paragraph shall not be disclosed to any person or entity without the prior express written approval of the other Party, except as compelled or required to be disclosed by subpoena, court order, or legal requirement(s), and for purposes of tax advice/preparation, accounting advice/preparation, insurance advice/preparation, financial advice, and/or similar consultation, or in response to a request of any financial institution. The Parties agree that each Party's consideration for the mutual confidentiality obligations set forth in this paragraph is the reciprocal agreement of the other Party, and that no portion of the above payment constitutes consideration for such confidentiality.

10. **FURTHER ASSURANCES.** The Parties hereto agree to perform such acts and to prepare, execute, and file any documents or stipulations reasonably required to perform the covenants, to satisfy the conditions herein contained, and/or to give full force and effect to this Agreement. The Parties agree, acknowledge and represent that each of the signatories for them below has all necessary authority to bind them to this Agreement, and that this representation shall be deemed to be a material part of the consideration for this Agreement. The Parties further represent that they are the sole owners of the respective claims asserted, and/or those which could have been asserted in the Lawsuit, and/or those released herein and that no portion of these claims have been sold, assigned, or pledged, or in any manner belong to any third party. The Parties also acknowledge that they have had the opportunity to review the Agreement with respective counsel before executing it.

11. **UNKNOWN CLAIMS.** Mr. VanDyk agrees that this Agreement is final and complete and therefore shall bar each and every claim, demand and cause of action specified herein, whether known or unknown to him at the time of the execution of this Agreement. As a result, Mr. VanDyk acknowledges that he might later discover pre-existing claims or facts in addition to or different from those which he now knows or believes to exist with respect to the subject matters of this Agreement and which, if known or suspected at the time of executing this Agreement, may have materially affected this settlement. Nevertheless, Mr. VanDyk hereby waives any right, claim, or cause of action that might arise as a result of such different or additional claims or facts.

12. **NO WAIVER.** No failure to exercise and no delay in exercising any right, power, or remedy hereunder shall impair any right, power or remedy which any Party may have, nor shall any such delay be construed to be a waiver of any such right, power, or remedy, or any

acquiescence in any breach or default hereunder; nor shall any waiver of any breach or default of any Party hereunder be deemed a waiver of any default or breach subsequently occurring. All rights and remedies granted to any Party hereunder shall remain in full force and effect notwithstanding any single or partial exercise of, or any discontinuance of, any action begun to enforce any such right or remedy. The rights and remedies specified herein are cumulative and not exclusive of each other or of any rights or remedies which any Party would otherwise have. Any waiver, permit, consent or approval by any Party of any breach or default hereunder must be in writing and shall be effective only to the extent set forth in such writing signed by the Party to be charged and only as to that specific instance.

13. **COVENANT NOT TO SUE.** Mr. VanDyk agrees on behalf of himself, and on behalf of any and all persons acting by, through, under, or in concert with him, not to assert or prosecute any further claims of any type, including, but not limited to, any lawsuits or any type of action with or through any governmental agency or regulatory body, based upon facts as set forth in the Recitals, or made the basis of or that could have been made the basis of the Lawsuit, against Central USA, Mr. Hildebrant, their servants, employees, members, directors, successor organizations or corporations, franchisees, subsidiaries, affiliates, assigns, partners, associates, agents, representatives, insurers, attorneys, officers and directors, and/or any and all parties in privity with such organizations or individuals.

14. **VOLUNTARY AGREEMENT.** This Agreement was freely and voluntarily entered into by the Parties who each had the opportunity to be represented and advised by counsel with respect to entering into this Agreement.

15. **GOVERNING LAW.** This Agreement shall be construed in accordance with and governed by the laws of the State of Ohio, regardless of where executed or performed. If any provision of this Agreement shall be determined to be invalid, void or illegal, such provision shall be construed and amended in a manner which would permit its enforcement, but in no event shall such provision affect, impair or invalidate any other provision hereof.

16. **VENUE.** Any action to enforce the terms hereof, or involving this Agreement may be filed in any Ohio court of competent jurisdiction.

17. **TIME IS OF THE ESSENCE.** As to all obligations hereunder, time is of the essence.

18. **ENTIRE AGREEMENT/MERGER OF AGREEMENTS.** The Parties agree that, with the exception of the Consent Judgment, the foregoing constitutes the entire Agreement among them regarding the subject matter herein, and that there exist no other agreements, oral or written, express or implied, relating to the settlement of the claims covered by this Agreement. The Parties further acknowledge that this Agreement was the product of negotiations between the Parties, and shall be deemed to have been mutually drafted by the Parties. This Agreement may only be changed in writing signed by both Parties hereto.

19. **ASSIGNMENT.** The Parties warrant that they have the authority to enter into this Agreement and have not assigned to a third-party any of the claims released herein. The Parties further agree that they will not assign their rights under this Agreement to any party with the

exception of Mr. VanDyk assigning his rights to his wife, Tonya Minor (D.O.B. 08/25/1963), if, and only if, Mr. VanDyk were to become deceased before January 31, 2019.

20.     **BINDING EFFECT.** This Agreement shall be binding upon and inure to the benefit of each Party and its successors and assigns, all of whom are entitled to reply upon the provisions hereof.

21.     **EXECUTION BY COUNTERPARTS.** This Agreement may be executed in multiple counterparts, all of which counterparts taken together shall constitute but one and the same agreement. This Agreement shall become binding upon the execution of a counterpart hereof by each of the parties hereto.

**WHEREFORE**, the Parties hereto have signed this Agreement, either individually or by their duly authorized representatives as of the date written above.

[SIGNATURE PAGE FOLLOWS]

DONALD VANDYK

_____
Date: 2-13-19

CENTRAL USA WIRELESS, LLC

By: Christopher C. Hildebrant
Its: President
Date: 2/11/19

CHRISTOPHER HILDEBRANT

_____
Date: 2/11/19

9